**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                          (State)

Case number (*If known*): _____ Chapter _____

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Angel Medical Systems, Inc. |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   N/A

3. **Debtor's federal Employer Identification Number** (EIN)

   5 2 _ 2 3 6 0 1 2 9

4. **Debtor's address**

   **Principal place of business**

   40 Christopher Way
   Number        Street

   Suite 201

   Eatontown, NJ  07724
   City              State     ZIP Code

   Monmouth
   County

   **Mailing address, if different from principal place of business**

   _____
   Number      Street

   _____
   P.O. Box

   _____
   City          State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number      Street

   _____
   City          State    ZIP Code

5. **Debtor's website** (URL)    angel-med.com

6. **Type of debtor**

   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding  LLP)

   ☐ Other. Specify: _____

Debtor    Angel Medical Systems, Inc.
          _____          Case number *(if known)*_____
          Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>3</u>   <u>3</u>   <u>9</u>   <u>1</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
                                              MM / DD / YYYY

       District _____   When _____   Case number _____
                                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.   Debtor _____   Relationship _____

       District _____   When _____
                                                                   MM  /  DD  / YYYY

       Case number, if known _____

Debtor  Angel Medical Systems, Inc.
         _____
         Name                                                    Case number (*if known*)_____

| 11. Why is the case filed in *this district*? | Check all that apply: |
|---|---|

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                         Number        Street

_____

_____
City                                   State      ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☒ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor      Angel Medical Systems, Inc.
            _____          Case number (if known)_____
            Name

---

**16. Estimated liabilities**

☐ $0-$50,000              ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☒ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/31/2018
               MM  / DD / YYYY

✘ _David R Fischell_____          David R. Fischell
Signature of authorized representative of debtor          Printed name

Title   Chief Executive Officer
        _____

---

**18. Signature of attorney**

✘ /s/ Jeffrey R. Waxman                    Date    12/31/2018
Signature of attorney for debtor                   MM   / DD / YYYY

Jeffrey Waxman
Printed name
Morris James LLP
Firm name
500 Delaware Avenue, Suite 1500
Number        Street
Wilmington                                 DE        19801-1494
City                                       State     ZIP Code

302-888-5842                               jwaxman@morrisjames.com
Contact phone                              Email address

4159                                       DE
Bar number                                 State

---

Doc #29012637

**CONSENT RESOLUTIONS IN LIEU OF A SPECIAL MEETING OF
THE BOARD OF DIRECTORS OF ANGEL MEDICAL SYSTEMS, INC.**

**DECEMBER 31, 2018**

WHEREAS, Section 141(f) of the Delaware General Corporation Law, as amended (the "***DGCL***"), provides that unless otherwise restricted by the certificate of incorporation or bylaws, any action required or permitted to be taken at any meeting of the board of directors or any committee thereof may be taken without a meeting if all of the members of the board or committee, as the case may be, consent in writing, or by electronic transmission and the writing or writings or electronic transmission or transmissions are filed with the minutes of proceedings of the board or committee.

WHEREAS, the undersigned, being all of the members of the Board of Directors (the "***Board***") of Angel Medical Systems, Inc., a Delaware corporation (the "***Company***"), desire that the actions expressed in these resolutions be taken in lieu of a special meeting of the Board, and do hereby consent to adoption of the following resolutions, as if adopted at a properly called and duly held special meeting of the Board as of the date set forth above.

WHEREAS, the Board has appointed a special committee of the Board (the "***Special Committee***"), and the Special Committee has evaluated the Company's alternatives in connection with a possible restructuring;

WHEREAS, the Special Committee has received the recommendations from the Company's management team and has consulted with the Company's management and legal, financial, and other advisors, and after consideration of those recommendations, has recommended to the Board that the actions set forth in these Resolutions be approved by the Board;

WHEREAS, the Board previously approved and authorized the Company's solicitation of acceptances of a prepacked plan or reorganization (the "***Plan***") under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***") as described in a related disclosure statement presented to the Board (the "***Disclosure Statement***");

WHEREAS, the Board previously approved, after due consideration and taking into account the recommendation of the Special Committee, the Company's entry into the agreements, instruments and other documents necessary or desirable to facilitate obtaining the financing contemplated by the Plan including a debtor-in possession financing facility  and issuance of preferred stock of the reorganized Company, each  on such terms substantially consistent with those presented to the Special Committee (collectively, the "***Financing Transactions***");

WHEREAS, after due consideration taking into account the recommendation of the Special Committee, the information available to it at this time and after consultation with the Company's management and legal, financial, and other advisors, and in the exercise of its business judgment,

the Board has determined that it is in the best interests of the Company to consent to and approve the filing of a petition for relief under chapter 11 of the Bankruptcy Code by the Company, and, to the extent necessary, to consent to and approve the filing of petitions for relief under chapter 11 of the Bankruptcy Code;

WHEREAS, after due consideration taking into account the recommendation of the Special Committee, the information available to it at this time and after consultation with the Company's management and legal, financial, and other advisors, and in the exercise of its business judgment, the Board has determined it is in the best interests of the Company to enter into, and to seek approval and/or confirmation by the United States Bankruptcy Court presiding over the cases to be filed by the Company of, the DIP Facility (as defined below), the Plan (as defined below), and all documents related to or contemplated by any of the foregoing agreements or documents (collectively, the *"Restructuring Transaction Documents"*); and

WHEREAS, after due consideration taking into account the recommendation of the Special Committee, the information available to it at this time and after consultation with the Company's management and legal, financial, and other advisors, and in the exercise of its business judgment, the Board has determined that it is in the best interests of the Company to consent to and approve of the Company's entry into the Restructuring Transaction Documents, and, to the extent necessary, consent to and approve the Company's entry into the Restructuring Transaction Documents;

NOW, THEREFORE, the undersigned, being all of the members of the Board, do hereby consent to the adoption of the following resolutions, as if adopted at a properly called and duly held special joint meeting of the Board as of the date first set forth above:

## **CHAPTER 11 FILING**

NOW THEREFORE, BE IT RESOLVED that the Board has declared, and it hereby does declare, that it is in the best interests of the Company and its stakeholders that the Company seek relief under the Bankruptcy Code; and further

RESOLVED that the Company shall be, and hereby is, authorized to file a voluntary petition (the *"Petition"*) for relief under chapter 11 of the Bankruptcy Code (the *"Chapter 11 Case"*), in the Bankruptcy Court for the District of Delaware (the *"Bankruptcy Court"*) and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the purpose and intent of the foregoing; and further

RESOLVED that the officers of the Company or any one of them (collectively, the *"Authorized Officers"* and each, individually, an *"Authorized Officer"*) hereby are, and each of them acting alone hereby is, authorized and directed, in the name and on behalf of the Company, to: (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Authorized Officer, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver,

verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing and the administration of the Company's Chapter 11 Case; (c) execute, acknowledge, deliver and verify any and all other documents necessary, desirable or appropriate in connection therewith and to administer the Company's Chapter 11 Case in such form or forms as any such Authorized Officer may deem necessary or advisable and in order to effectuate the purpose and intent of the foregoing resolutions; and (d) engage any professionals, including the law firms Morris James LLP and Honigman Miller Schwartz and Cohn LLP, as well as any other attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers as any such Authorized Officer, in such person's discretion, deems necessary, desirable or appropriate to accomplish the purposes of these resolutions; that each Authorized Officer's authority to act under these resolutions shall be conclusively evidenced by their so acting; and that any and all such actions heretofore taken on behalf of the Company in such respects contemplated thereby are hereby ratified, approved and confirmed as the act and deed of the Company.

## DEBTOR IN POSSESSION FINANCING FACILITY

RESOLVED, that the Company, subject to approval of the Bankruptcy Court, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) enter into a Note Purchase Agreement and Secured Debtor-in-Possession Loan Agreement (the *"DIP Facility"*), execute, deliver and issue the Company's Senior Secured Super-Priority Convertible Promissory Notes (the *"Notes"*) and any associated documents and consummate, and perform under, the transactions contemplated therein (collectively, the *"DIP Financing"*) with such lenders and on such terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, in such case, as may be deemed necessary or desirable by any one or more of the Authorized Officers in connection with the DIP Financing; and further

RESOLVED, that: (a) the Authorized Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as any of the Authorized Officers may deem necessary or appropriate to facilitate issuance of the Notes and the DIP Financing (collectively, the *"DIP Documents"*); (b) the DIP Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any of the Authorized Officers are hereby approved; (c) the Authorized Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to authorize counsel to draft, file and seek approval of the DIP Financing; and (d) the actions of any Authorized Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Officer's approval thereof and the necessity or desirability thereof; and further

RESOLVED, that the Board has determined that the consideration to be received for the Notes to be issued to the Purchasers pursuant to the DIP Documents, is adequate, and that upon receipt by the Company of such consideration, the Notes and the shares of the Company's stock (upon conversion of the Notes) will be validly issued, fully paid and non-assessable; and further

RESOLVED, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to pay related fees as may be deemed necessary or desirable by any one or more of the Authorized Officers in connection with DIP Documents; and further

RESOLVED, that the Authorized Officers are, and each Authorized Officer is, hereby authorized, empowered and directed for and on behalf of the Company to prepare or cause to have prepared, executed, delivered and filed such forms, documents, instruments, consents to service of process and notices, and to pay such fees, as may be required to comply with: (a) the Securities Act of 1933, as amended, and the regulations promulgated thereunder; (b) the Securities and Exchange Act of 1934, as amended, and the regulations promulgated thereunder; and (c) such state securities laws, rules and regulations, with respect to the sale and issuance of the Notes contemplated by the DIP Financing.

## **CHAPTER 11 PLAN**

RESOLVED, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) execute and file the Plan and any associated documents, and consummate, and perform under, the transactions contemplated therein on such terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; and (b) pay related fees as may be deemed necessary or desirable by any one or more of the Authorized Officers in connection with the Restructuring Transaction Documents; and further

RESOLVED, that: (a) the Authorized Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify the Plan and such agreements, certificates, notices and any and all other documents as any of the Authorized Officers may deem necessary or appropriate in connection with the Plan and any other Restructuring Transaction Documents; (b) Restructuring Transaction Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any of the Authorized Officers are hereby approved; (c) the Authorized Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to authorize counsel to draft, file and seek approval of the Restructuring Transaction Documents, including confirmation of the Plan; and (d) the actions of any Authorized Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be

conclusive evidence of such Authorized Officer's approval thereof and the necessity or desirability thereof.

## GENERAL

RESOLVED, that all acts lawfully done or actions lawfully taken by any officer of the Company or any professionals engaged by the Company in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and further

RESOLVED, that any and all actions and transactions by the Board or any Authorized Officer for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes; and further

RESOLVED, that the omission from these Resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in these Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in these Resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, these Resolutions; and further

RESOLVED, that the Board and any Authorized Officer of the Company hereby are authorized and directed to certify and/or attest these resolutions, certificate of incumbency and such other documents or instruments that the corporate secretary of the Company may deem necessary or appropriate in connection with the foregoing matters; *provided, however,* that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Company; and further

RESOLVED, that any Authorized Officer of the Company shall be, and each of them, hereby is, authorized, directed and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute, deliver, and perform, or cause to be negotiated, executed, delivered, and performed, on behalf of, and take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as any proper officer of the Company may deem necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, as may be deemed necessary, desirable or appropriate.

**SIGNATURES ON THE FOLLOWING PAGE**

**SIGNATURES ON THE FOLLOWING PAGE**

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Directors, have executed these Consent Resolutions in Lieu of a Special Meeting of the Board of Directors as of the date first written above.  These Consent Resolutions in Lieu of a Special Meeting of the Board of Directors may be signed in two or more counterparts, which may be delivered by facsimile or by email or other internet transmission of .pdf, .jpg, .tiff, or other image files or other signature mechanism, each of which together shall be deemed an original, and all of which shall be deemed one instrument notwithstanding that all members of the Board of Directors have not signed the same counterpart.

**BOARD OF DIRECTORS:**

_____
**DR. ROBERT FISCHELL**

_____
**DR. DAVID FISCHELL**

_____
**ANDREW TAYLOR**

_____
**BEN PLESS**

_____
**FRANK FISCHER**

_____
**VICTOR WHITMAN**

29595586.2

**SIGNATURE PAGE TO CONSENT RESOLUTIONS IN LIEU OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS OF ANGEL MEDICAL SYSTEMS, INC.**

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Directors, have executed these Consent Resolutions in Lieu of a Special Meeting of the Board of Directors as of the date first written above.  These Consent Resolutions in Lieu of a Special Meeting of the Board of Directors may be signed in two or more counterparts, which may be delivered by facsimile or by email or other internet transmission of .pdf, .jpg, .tiff, or other image files or other signature mechanism, each of which together shall be deemed an original, and all of which shall be deemed one instrument notwithstanding that all members of the Board of Directors have not signed the same counterpart.

**BOARD OF DIRECTORS:**

_____

**DR. ROBERT FISCHELL**

_____

**DR. DAVID FISCHELL**

_____

**ANDREW TAYLOR**

_____

**BEN PLESS**

_____

**FRANK FISCHER**

_____

**VICTOR WHITMAN**

29595586.2

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Directors, have executed these Consent Resolutions in Lieu of a Special Meeting of the Board of Directors as of the date first written above.  These Consent Resolutions in Lieu of a Special Meeting of the Board of Directors may be signed in two or more counterparts, which may be delivered by facsimile or by email or other internet transmission of .pdf, .jpg, .tiff, or other image files or other signature mechanism, each of which together shall be deemed an original, and all of which shall be deemed one instrument notwithstanding that all members of the Board of Directors have not signed the same counterpart.

**BOARD OF DIRECTORS:**


_____
**DR. ROBERT FISCHELL**

_____
**DR. DAVID FISCHELL**


_____
**ANDREW TAYLOR**

_____
**BEN PLESS**


_____
**FRANK FISCHER**

_____
**VICTOR WHITMAN**


29595586.2

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors, have executed these Consent Resolutions in Lieu of a Special Meeting of the Board of Directors as of the date first written above.  These Consent Resolutions in Lieu of a Special Meeting of the Board of Directors may be signed in two or more counterparts, which may be delivered by facsimile or by email or other internet transmission of .pdf, .jpg, .tiff, or other image files or other signature mechanism, each of which together shall be deemed an original, and all of which shall be deemed one instrument notwithstanding that all members of the Board of Directors have not signed the same counterpart.

**BOARD OF DIRECTORS:**

_____          _____
DR. ROBERT FISCHELL                      DR. DAVID FISCHELL


_____          _____
ANDREW TAYLOR                            BEN PLESS


_____          _____
FRANK FISCHER                            VICTOR WHITMAN

29595586.2

**IN WITNESS WHEREOF,** the undersigned, being all of the members of the Board of Directors, have executed these Consent Resolutions in Lieu of a Special Meeting of the Board of Directors as of the date first written above.  These Consent Resolutions in Lieu of a Special Meeting of the Board of Directors may be signed in two or more counterparts, which may be delivered by facsimile or by email or other internet transmission of .pdf, .jpg, .tiff, or other image files or other signature mechanism, each of which together shall be deemed an original, and all of which shall be deemed one instrument notwithstanding that all members of the Board of Directors have not signed the same counterpart.

**BOARD OF DIRECTORS:**

_____          _____
**DR. ROBERT FISCHELL**                          **DR. DAVID FISCHELL**


_____          _____
**ANDREW TAYLOR**                                 **BEN PLESS**

_Frank M. Fischer_
_____          _____
**FRANK FISCHER**                                 **VICTOR WHITMAN**

29595586.2

**SIGNATURE PAGE TO CONSENT RESOLUTIONS IN LIEU OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS OF ANGEL MEDICAL SYSTEMS, INC.**

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Directors, have executed these Consent Resolutions in Lieu of a Special Meeting of the Board of Directors as of the date first written above. These Consent Resolutions in Lieu of a Special Meeting of the Board of Directors may be signed in two or more counterparts, which may be delivered by facsimile or by email or other internet transmission of .pdf, .jpg, .tiff, or other image files or other signature mechanism, each of which together shall be deemed an original, and all of which shall be deemed one instrument notwithstanding that all members of the Board of Directors have not signed the same counterpart.

**BOARD OF DIRECTORS:**

_____          _____
**DR. ROBERT FISCHELL**                   **DR. DAVID FISCHELL**


_____          _____
**ANDREW TAYLOR**                         **BEN PLESS**


_____          _____
**FRANK FISCHER**                         **VICTOR WHITMAN**

29595586.2

**SIGNATURE PAGE TO CONSENT RESOLUTIONS IN LIEU OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS OF ANGEL MEDICAL SYSTEMS, INC.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

_____

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **Angel Medical Systems, Inc.** | ) | **Case No. 18-** |
| | ) | |
| **Debtor.** | ) | |
_____ )

## CORPORATE OWNERSHIP STATEMENT

Angel Medical Systems, Inc. submits this *Corporate Ownership Statement* under Rule

1007(a) of the Federal Rules of Bankruptcy Procedure and states that the following entities own

10% or more of any class of equity interest of the Debtor:

| **Class of Stock** | **Shareholder** |
|---|---|
| Common Stock | ●    Fischell, David R. (individually and through the David R. Fischell Children's Trust)<br><br>●    Fischell, Robert E. (individually and through the Robert E. Fischell 2002 Irrevocable Trust)<br><br>●    Fischell, Tim (through the Emma J. Fischell Irrevocable Trust, the Evan D. Fischell Irrevocable Trust, the Jonathan M. Fischell Irrevocable Trust, and the Tim A. Fischell Revocable Trust) |
| Series A | ●    Abbott Laboratories, as successor to Pacesetter, Inc. (d/b/a St. Jude Medical) and affiliates of Pacesetter, Inc. (d/b/a St. Jude Medical)<br><br>●    Johnson & Johnson Development Corporation<br><br>●    Plemmons, Kevin |
| Series B | ●    Fischell, David R.<br><br>●    Fischell, Robert E.<br><br>●    Johnson & Johnson Development Corporation |

| Class of Stock | Shareholder |
|---|---|
| Series C | ● Abbott Laboratories, as successor to Pacesetter, Inc. (d/b/a St. Jude Medical) and  affiliates of Pacesetter, Inc. (d/b/a St. Jude Medical)<br><br>● BioInfo Accelerator, Inc.<br><br>● Fischell, David R.<br><br>● Johnson & Johnson Development Corporation |
| Series D | ● BioInfo Accelerator Fund, LLC<br><br>● Fischell, David R.<br><br>● Johnson & Johnson Development Corporation |
| Series E | ● Abbott Laboratories, as successor to Pacesetter, Inc. (d/b/a St. Jude Medical) and  affiliates of Pacesetter, Inc. (d/b/a St. Jude Medical)<br><br>● Fischell, David R.<br><br>● Johnson & Johnson Development Corporation |

| <u>Class of Stock</u> | <u>Shareholder</u> |
|---|---|
| Series F | ●     Abbott Laboratories, as successor to Pacesetter, Inc. (d/b/a St. Jude Medical) and affiliates of Pacesetter, Inc. (d/b/a St. Jude Medical)<br><br>●     Fischell, David R. |

Dated: December 31, 2018

**MORRIS JAMES LLP**

/s/ Jeffrey R. Waxman
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com

    -and-

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Joseph R. Sgroi, Esq.
Glenn S. Walter, Esq.
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-7713
E-mail: jsgroi@honigman.com
E-mail: gwalter@honigman.com

Proposed Counsel to the Debtor

**Fill in this information to identify the case:**

Debtor name ___Angel Medical Systems, Inc___

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BioInfo Accelerator Fund, LLC 37940 Berkeley Ave. Moreland Hills, OH 44022 | John Hodgson jhodgson@tsg-ed.com (602) 406-3915 | 2012 Notes | | 20,646,000 (principal amount) | Unknown | 20,646,000 (principal amount) |
| 2 | BioInfo Accelerator Fund, LLC 37940 Berkeley Ave. Moreland Hills, OH 44022 | John Hodgson jhodgson@tsg-ed.com (602) 406-3915 | 2014 Notes | | 20,430,000 (principal amount) | Unknown | 20,430,000 (principal amount) |
| 3 | BioInfo Accelerator Fund, LLC 37940 Berkeley Ave. Moreland Hills, OH 44022 | John Hodgson jhodgson@tsg-ed.com (602) 406-3915 | 2016 Notes | | 1,956,442 (principal amount) | Unknown | 1,956,442 (principal amount) |
| 4 | Hogan Lovells US LLP 555 Thirteenth St. NW Washington, DC 20004 | Jennifer Reynolds jenn.reynolds@hoganlovells.com 202-637-5600 | Professional Services | | 96,735.00 | | 96,735.00 |
| 5 | Cooley LLP 101 California St. 5Th Floor San Francisco, CA 94111 | Lane W. Stahl lstahl@cooley.com 415-693-2000 | Professional Services | | 48,576.54 | | 48,576.54 |
| 6 | Rosenberg Klein & Lee 3458 Ellicott Center Dr. Suite 101 Ellicott City, MD 21043 | Morton J. Rosenberg rkl@rklpatlaw.com 410-465-6678 | Professional Services | | 33,000.00 | | 33,000.00 |
| 7 | Beth Israel Deaconess Medical Center 330 Brookline Ave. Boston, MA 02215 | Ramesh Gunawardena rgunawar@bidmc.harvard.edu 617-667-4282 | Clinical Services | | 12,000.00 | | 12,000.00 |
| 8 | Medpace 5375 Medpace way Cincinnati, OH 45227 | Adam Ryan a.ryan@medpace.com 513-579-9911 x12317 | Clinical Services | | 10,000.00 | | 10,000.00 |

Debtor     Angel Medical Systems, Inc.
_____
           Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Chameleon Design 295 US Highway 46 E Ste B Budd Lake, NJ 07828 | Gregg Turi gturi@chameleon-ds.com 973-426-0220 x210 | Contractor | | 7,500.00 | | 7,500.00 |
| 10 | The Hibbert Group 400 Pennington Ave Trenton, NJ 08650 | Cynthia Glover-Perez cglover-perez@hibbertgroup.com 609-394-7500 | Product Storage | | 6,773.08 | | 6,773.08 |
| 11 | American Express P.O Box 1270 Newark, NJ 07101 | www.americanexpress.com 800-528-4800 | Credit | | 5,326.05 | | 5,326.05 |
| 12 | Solium Dept 3542 PO Box 123542 Dallas, TX 75312-3542 | Christopher Wittke Christopher.Wittke@solium.com 587.323.9394 | Professional Services | | 3,000.00 | | 3,000.00 |
| 13 | HPIC Consulting, LLC 5400 Bakers Mill Rd. Durham,NC 27707 | Alison M. Lance 919-224-9377 alisonlance@hpic.mygbiz.com | Clinical Services | | 2,500.00 | | 2,500.00 |
| 14 | Eisner Amper 111 Wood Ave South, Iselin, NJ 08830 | Jaime Gilmore jaime.gilmore@eisneramper.com 732-243-7565 | Professional Services | | 2,500.00 | | 2,500.00 |
| 15 | Valtronic 29200 Fountain Parkway Solon, OH 44139 | Austin Reichert areichert@valtronic.com 440-349-1239 x184 | Production | | 1,530.00 | | 1,530.00 |
| 16 | Medical Consultants 99 Glenwood Road Ridgewood, NJ 07450 | Jeff Voight meddevconsultant@aol.com 201-251-8204 | Professional Services | | 300.00 | | 300.00 |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

**Fill in this information to identify the case:**

Debtor name    **Angel Medical Systems, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. **Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
☑   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑   Other document that requires a declaration    **Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December 31, 2018**      **X** /s/ David Keenan
                                                Signature of individual signing on behalf of debtor

                                                Printed name

                                                  Chief Operating Officer
                                                  Position or relationship to debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy