# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) <br> ) <br> ANGEL MEDICAL SYSTEMS, INC., ) <br> a Delaware corporation, ) <br> ) <br> Debtor.[1] ) <br> ) | Chapter 11 <br> Case No. 18-12903 (KG) <br><br> D.I. No. 6 |

### ORDER (A) SCHEDULING COMBINED HEARING TO CONSIDER APPROVAL OF PLAN AND DISCLOSURE STATEMENT; (B) ESTABLISHING DEADLINE FOR OBJECTIONS TO THE PLAN AND DISCLOSURE STATEMENT; (C) APPROVING SOLICITATION PROCEDURES; (D) APPROVING CONFIRMATION HEARING NOTICE AND (E) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor (the "Debtor") for the entry of an order (this "Order"): (a) scheduling a combined hearing to consider approval of the Disclosure Statement and Plan; (b) establishing deadlines and procedures to object to same; (c) approving solicitation procedures and the solicitation package; (d) approving the form and manner of the notice of plan confirmation hearing and the commencement of this chapter 11 case; and (e) granting related relief; and the Court having considered the First Day Declaration of Andrew Taylor; it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been

---

[1] The Debtor's address is 40 Christopher Way, Suite 201, Eatontown, NJ 07724. Its EIN is 52-2360129.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Motion is GRANTED as provided herein.

2. Any objections to the Disclosure Statement or confirmation of the Plan must be filed with the Bankruptcy Court so as to be <u>actually received</u> by 4:00 p.m. (prevailing Eastern time) on February 4, 2019 (the "<u>Objection Deadline</u>"), unless otherwise agreed-to by the Debtor in its sole discretion.

3. The Confirmation Hearing, at which time the Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall commence at 2:00 p..m. (prevailing Eastern Time) on February 11, 2019, which date may be continued from time to time without further notice other than adjournments announced in open court.

4. Any objections to the Disclosure Statement or confirmation of the Plan must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) state the name and address of the objecting party and the amount and nature of the claim or equity interest beneficially owned by such entity; and (iv) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections.

5. Any objections to the Disclosure Statement or confirmation of the Plan must be served so that they are <u>actually received</u> no later than the Objection Deadline by the following parties:

    a.    the Debtor, Angel Medical Systems, Inc., 40 Christopher Way, Suite 201, Eatontown, NJ 07724, (Attn: Andrew Fischell);

    b.    proposed counsel for the Debtor, (a) Honigman LLP, 2290 First National Building, 660 Woodward Avenue, Detroit, Michigan 48226-3506, (Attn.: Joseph Sgroi and Glenn Walter); and (b) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801-1494, (Attn: Jeffrey R. Waxman);

      c.      the Office of the United State Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801; and

      d.      those parties who have a filed a notice of appearance in the Chapter 11 Case.

6. Any objections not timely filed and served in the manner set forth in this Order shall not be considered and shall be overruled.

7. The deadline for any replies in support of the Disclosure Statement or Plan shall be filed no later than February 7, 2019 at 4:00 p.m. (prevailing Eastern Time) and shall be served upon any party filing an objection to the Disclosure Statement or Plan and the United States Trustee.

8. Any motion pusuant to Bankruptcy Rule 3018 to temporarily allow a claim for voting purposes shall be filed no later than 4:00 p.m. (prevailing Eastern time) on February 4, 2019.

9. The form of the Confirmation Hearing Notice, substantially in the form attached as **Exhibit A** to the Motion, complies with the requirements of Bankruptcy Rules 2002 and 3017 and is hereby approved in its entirety. Within two (2) business days after the entry of this Order, the Debtor shall mail or cause to be mailed by first class a copy of the Confirmation Hearing Notice to all of Debtor's known creditors and equity interest holders, and all other entities required to be served under Bankruptcy Rules 2002 and 3017.

10. December 14, 2018 shall be the record date for purposes of determining which holders of claims are entitled to vote to accept or reject the Plan.

11. The Solicitation Procedures utilized by the Debtor for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are hereby approved.

12. The Ballots, substantially in the form attached as **Exhibit B** to the Motion, are hereby approved

13. The Notice of Non-Voting Status, substantially in the form attached as **Exhibit C** to the Motion, is approved. Within two (2) business days after the entry of this Order, the Debtor shall mail or cause to be mailed by first class a copy of the Notice of Non-Voting Status to all of the Debtor's known creditors and equity interest holders in Non-Voting Classes, and all other entities required to be served under Bankruptcy Rules 2002 and 3017. If any holder of a Claim or Interest requests the Debtors or Debtors' counsel for a copy of the Plan and/or Disclosure Statement, regardless of whether such holder is in a voting class, the Debtors' counsel shall serve the requested document or documents on such holder, at Debtors' cost, no later than 2 business days from the date the request is made.

14. The procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots are approved.

15. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. The Debtors shall serve the Combined Hearing Notice on: (i) holders of claims or interests, whether in Voting Classes or in the non-voting classes, (ii) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these chapter 11 cases, (iii) the Internal Revenue Service, (iv) state and local taxing authorities in which the Debtors does business, (v) the Federal Drug Administration and all other federal and state and local authorities that regulate any portion of the Debtors' business, (vi) the Securities and Exchange Commission,

(vii) the United States Attorney for the District of Delaware, (viii) all counterparties to executory contracts and unexpired leases; (ix) the United States Trustee and (x) all persons or entities listed on the Debtors' creditor mailing matrix.

18. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: This 4th day of January, 2019

_____
The Honorable Kevin Gross
United States Bankruptcy Judge